

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NATHAN PAUL BRICKER, and ) | Case No. 08-340 |
| DENISE PAUL BRICKER ) | |
| ) | |
| Debtors. ) | Chapter 13 |

## MEMORANDUM OPINION

TCIF REO GMC, LLC ("TCIF") has a security interest in the principal residence of Nathan and Denise Bricker (the "Debtors"). When the Debtors' filed their Chapter 13 bankruptcy petition, they claimed to owe an arrearage of $6,084 to TCIF. According to TCIF, however, this arrearage is actually $26,055, and on that basis, TCIF objects to the Debtors' proposed Chapter 13 plan. In turn, the Debtors object to TCIF's filed proof of claim "insofar as the amount of arrearage claimed," and they request a full accounting of their payment history together with any fees charged to their mortgage account. TCIF requests that the Debtors' objection to its proof of claim be overruled on the basis that the Debtors failed to provide evidence sufficient to overcome the Fed. R. Bankr. P. 3001(f) *prima facie* presumption as to the validity and amount of its proof of claim.

Pursuant to 11 U.S.C. § 501, a creditor may file a proof of claim in a bankruptcy case. As stated in § 502(a), "[a] claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest . . . objects." To execute a proof of claim, Fed. R. Bankr. P. 3001(a) directs that the proof of claim be "a written statement setting forth a creditor's claim," and that it "shall conform substantially to the appropriate Official Form." When a claim is executed and filed in accordance with the Bankruptcy Rules, then Rule 3001(f) provides that the proof of claim "shall constitute *prima facie* evidence of the validity and amount of the claim." When the Rule 3001(f) presumption arises, the Bankruptcy Code establishes a burden shifting framework for the

allowance or disallowance of that claim:

> The creditor's filing of a proof of claim constitutes *prima facie* evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir 2004). *See also* 11 U.S.C. § 502(b) (providing nine grounds on which to disallow a proof of claim); *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443 (2007) ("[T]he court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b).").

The strength of a proof of claim's presumption as to validity and amount is described as "'some evidence,'" and as "'strong enough to carry over a mere formal objection without more.'" *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (citation omitted). The party objecting to the proof of claim has the burden of going forward to "'meet, overcome, or, at minimum, equalize the valid claim.'" *FDIC v. Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1996) (citation omitted). The amount of evidence necessary to overcome the objection "must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim." 9 *Collier on Bankruptcy* ¶ 3001.9[2] (Alan N. Resnick & Henry J. Sommer, eds. 15th ed. rev. 2008). Although the Court of Appeals for the Fourth Circuit "has not previously addressed how the bankruptcy rules allocate the burden of proof for purposes of establishing the amount and validity of a claim . . . . [its] reading of the bankruptcy rules . . . is in accord with [its] sister circuits that have addressed the issue." *Stancill*, 372 F.3d at 640 n.2 (citing, *inter alia*, *In re Hemingway Transp.*, 993 F.2d 915, 925 (1st Cir. 1993) ("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence."); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")).

In this case, the Debtors do not dispute that TCIF's proof of claim is entitled to the Fed. R. Bankr. P. 3001(f) presumption as to its claim's validity and amount. Therefore, the Debtors'

objection must be more than merely formal, and they must come forward with – at a minimum – enough evidence to equalize TCIF's valid claim. Considering that TCIF's proof of claim only attaches a summary of its belief as to the amount of the Debtors' arrearage,[1] the threshold requirement for equalizing the contents of its proof of claim is low.

If the court were to view the Debtor's objection to TCIF's proof of claim in isolation, the Debtors may not have met even this low threshold needed to equalize TCIF's proof of claim. In fact, it is questionable whether the Debtor's objection asserts any basis for disallowing TCIF's claim:

> NOW COMES DEBTORS . . . and object to claim #1 filed by creditor TCIF . . . insofar as to the amount of arrearage claimed. Debtors request a full accounting of the payment history to said creditor, as well as any fees charged to this account.

(Document No. 40).

No assertion exists in the objection that the Debtors do not owe the arrearage, and the court is left to guess exactly what the Debtors' objection might be, and how that objection may result in disallowance of the claim under the standards of 11 U.S.C. § 502(b). *See, e.g., In re Simms*, No. 06-1206, 2007 Bankr. LEXIS 4134 at *7 (Bankr. N.D.W. Va. Dec. 17, 2007) (refusing to disallow a proof of claim when the objection did not state a grounds for disallowance based on § 502(b)).

---

[1] In support of TCIF's $26,055 arrearage claim, it attached to its proof of claim a copy of its deed of trust, and the promissory note executed by the Debtors. In addition, TCIF attached a summary sheet of the arrearage:

| | | |
|---|---|---|
| Nineteen (19) payment(s) @ $924.71 (09/06 through 03/08) | = | $17,569.67 |
| Accrued Late Charges | = | 832.14 |
| Property Inspection Fees | = | 124.10 |
| Corporate Advance(s) | = | 180.00 |
| Expense Advance(s) | = | 2,095.50 |
| Escrow Shortage | = | 5,253.72 |
| Total | = | $26,055.13 |

Based on the circumstances of this case, however, the court is not viewing the Debtors' objection to TCIF's filed proof of claim in isolation. Importantly, the Debtors' objection to TCIF's proof of claim is closely linked to TCIF's objection to the Debtors' proposed Chapter 13 plan. In their plan, the Debtors have sworn under penalty of perjury that they believe the amount of the arrearage owed to TCIF is only $6,084. Viewed in the context of the whole case, the Debtors' exact objection is clear. They believe that TCIF has overstated their arrearage by $19,971, and they are requesting the court disallow TCIF's proof of claim to that extent. Accordingly, under § 502(b)(1), the Debtors have alleged that TCIF's arrearage claim is unenforceable against them to the extent of $19,971, and they have therefore raised a legitimate objection to TCIF's proof of claim.

Regarding the quantum and quality of proof needed to – at a minium – equalize the Fed. R. Bankr. P. 3001(f) presumption afforded to TCIF's proof of claim, the Debtors have met their burden. In its proof of claim TCIF asserted, in a summary fashion, that the Debtors have a pre-petition arrearage of $26,055. To counter this proof, the Debtors have asserted, also in a summary fashion, that they only owe a pre-petition arrearage of $6,084. Under the circumstances of this case, the Debtors' objection demonstrates a true dispute and it has a probative force equal to the contents of TCIF's proof of claim.

Therefore, the court will overrule TCIF's motion to dismiss the Debtors' objection to its filed proof of claim. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.